UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

EMERETTE HARRIS                    CASE NO. 6:18-CV-01024

VERSUS                             JUDGE ROBERT R. SUMMERHAYS

MAMOU ET AL                        MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court is a Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. No. 6] filed by Defendants, the Mamou Police Department and Robert McGee, Former Chief of Police of the Town of Mamou. The motion is unopposed.[1] For the following reasons, the motion is GRANTED.

I.  **Background**

On August 9, 2018, Plaintiff Emerette Harris filed this lawsuit alleging Defendants are liable under 42 U.S.C. § 1983 for the violation of his rights under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Plaintiff additionally asserts claims for wrongful arrest, wrongful detention, and malicious prosecution under Louisiana state law. Plaintiff contends his constitutional rights were violated when he was unlawfully "arrested and/or detained on or about February 7, 2015 for the crime of Aggravated Assault with a Firearm," and was thereafter detained for an unspecified period of time. [Doc. No. 1 at ¶¶ 1, 19, 23] According to the allegations set forth in the Complaint, although the charges were dismissed on August 9, 2017, "the delay from the time these alleged crimes were supposedly committed until date" caused Plaintiff to suffer damages in the form of "mental and psychological anguish." *Id.* at ¶¶ 1-2. The

---

[1] *See* Doc. No. 8; LR 7.5.

Complaint further alleges Defendants "wrongfully abused the judicial process," and that Defendants have a "policy, practice and custom of engaging in faulty investigations, false arrests and false imprisonment." *Id.* ¶¶ 3, 15. In light of these allegations, Plaintiff seeks an award of "compensatory damages in the amount of $100,000.00, and attorney's fees, along with punitive damages, . . . and court costs. . . ." *Id.* at 6.

## II. Standard of Review

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005).

## III. Analysis

Defendants contend Plaintiff's claim for punitive damages must be dismissed, arguing: (1) such damages are unavailable against a municipality in a § 1983 action; (2) such damages are unavailable against an official acting in his or her official capacity in a § 1983 action; and (3) such

damages are unavailable as to either Defendant with regard to Plaintiff's state law claims. [Doc. No. 6-1 at 3-5].

As to Plaintiff's claim for punitive damages under § 1983 against the Mamou Police Department, Defendants argue the United States Supreme Court has unequivocally held a municipality is immune from punitive damages under § 1983. [Doc. No. 6-1 at 3 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981))]. The Court agrees it is well settled that punitive damages are not available against a municipality for claims brought pursuant to § 1983. *City of Newport, supra*; *Skyy v. City of Arlington*, 712 Fed.Appx. 396, 401 (5th Cir. 2017) ("When this circuit has had occasion to address the issue of punitive damages against a municipality we have faithfully applied *City of Newport*, rejecting attempts to impose punitive damages for constitutional and other violations where Congress has not expressed a clear intention to do so."). However, the Mamou Police Department is not a municipality. Rather, the Mamou Police Department appears to be "an office operated by an elected official, the chief of police, who derives his authority from statute."[2] *Dugas v. City of Breaux Bridge Police Dept.*, 757 So.2d 741, 744 (La. App. 3 Cir. 2000) (citing La. R.S. 33:423). As such, the Mamou Police Department would seem

---

[2] The Town of Mamou has adopted the mayor-board of alderman form of government, pursuant to La. R.S. 33:321 (the "Lawrason Act"). Code of Ordinances, Town of Mamou, Louisiana, Chapter 2.04, found at https://goo.gl/8PzUM9 (last visited November 6, 2018); *see also Matter of Waller Creed, Ltd.*, 867 F.2d 228, 238 n. 14 (5th Cir. 1989) (a court may take judicial notice of a city ordinance despite it not having been introduced into the record, as the power of a federal court to take judicial notice of legislative facts is less constrained than its power to take notice of adjudicative facts). Under this form of government, the mayor of Mamou is the chief executive officer of the municipality, and the legislative powers are vested in the board of aldermen. La. R.S. 33:362. "Although by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on [the municipality] in other respects," including budget appropriations and control of personnel. *Dugas*, 754 So.2d at 743-44 (citing La. R.S. 33:423; *Id.* at § 361) (holding the City of Breaux Bridge Police Department is not a juridical entity separate and distinct from the City of Breaux Bridge, a Lawrason Act municipality, and therefore lacks the capacity to be sued, as the real party in interest is the City).

to be an entity without the "legal capacity to be a ... party to litigation."[3] *Id.* Because the Court finds from the limited materials before it that it is unlikely the Mamou Police Department is an entity capable of being sued, no punitive damages – indeed no damages of any kind – are available against it. Accordingly, to the extent Defendants seek dismissal of Plaintiff's claim for punitive damages against the Mamou Police Department under § 1983, the motion is granted, without prejudice to either parties' ability to move for reconsideration once the record is further developed.

As to Former Chief Robert McGee, Defendants argue punitive damages are unavailable against him in his official capacity under § 1983.[4] [Doc. No. 6-1 at 5]. A suit against a public official in his or her *personal* capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, a suit against a public official in his or her *official* capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."[5] *Id.* (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). As such, just as punitive damages are unavailable from a municipality, they are likewise unavailable from an official sued in his or her official capacity. *Id.* at 167 n.13. Accordingly, the Court finds punitive damages are unavailable against Former Chief Robert McGee, acting in his official capacity, as a matter of law. *See e.g. Lopez v. Billiot*, 2009 WL 1605297, *3 (W.D.La.).

Finally, with regard to Plaintiff's claims brought pursuant to state law, Louisiana law prohibits "punitive or other 'penalty' damages . . . unless expressly authorized by statute." *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988); *see also*

---

[3] The capacity to be sued is determined by state law. Fed. R. Civ. P. 17(b).

[4] Plaintiff has additionally sued McGee in his personal capacity. [Doc. No. 1] This Ruling has no effect upon Plaintiff's claim against McGee in his personal capacity.

[5] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all other respects other than name, to be treated as a suit against the entity." *Graham* at 166.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 75 (1991). As Plaintiff has identified no Louisiana statutory provision authorizing an award of punitive damages for the state law claims asserted herein, the Court finds Plaintiff cannot recover punitive damages for those claims as a matter of law.

**IV. Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. No. 6] is GRANTED as follows: Plaintiff's claim for punitive damages asserted under 42 U.S.C. § 1983 against the Mamou Police Department is DISMISSED WITHOUT PREJUDICE; Plaintiff's claim for punitive damages under § 1983 against Former Chief of Police Robert McGee in his official capacity is DISMISSED WITH PREJUDICE; and Plaintiff's claim for punitive damages against all Defendants pursuant to Louisiana state law is DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers on this 13th day of November, 2018.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE