UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**EMERETTE HARRIS**  CASE NO. 6:18-CV-01024

**VERSUS**  JUDGE ROBERT R. SUMMERHAYS

**MAMOU POLICE DEPARTMENT, ET AL**  MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court is a Motion to Dismiss Pursuant to Rule 12(b) [Doc. No. 5] filed by Defendant, the Mamou Police Department (hereafter "MPD"). Plaintiff has filed an Opposition to the motion, [Doc. No. 9] to which Defendant has filed a Reply. [Doc. No. 14] For the following reasons, the motion is GRANTED.

## I.
## BACKGROUND

On August 9, 2018, Plaintiff Emerette Harris filed this lawsuit alleging Defendants are liable under 42 U.S.C. § 1983 for violation of his rights under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Plaintiff additionally asserts claims for wrongful arrest, wrongful detention, and malicious prosecution under Louisiana state law. Plaintiff contends his constitutional rights were violated when he was unlawfully "arrested and/or detained on or about February 7, 2015 for the crime of Aggravated Assault with a Firearm," and was detained for an unspecified period of time. [Doc. No. 1 at ¶¶ 1, 19, 23] Although Plaintiff's charges were dismissed on August 9, 2017, his Complaint alleges that "the delay from the time these alleged crimes were supposedly committed until date" caused Plaintiff to suffer damages in the form of "mental and psychological anguish." *Id.* at ¶¶ 1-2. The Complaint further alleges Defendants "wrongfully abused the judicial process," and that Defendants have a "policy, practice

and custom of engaging in faulty investigations, false arrests and false imprisonment." *Id.* ¶¶ 3, 15. In light of these allegations, Plaintiff seeks an award of "compensatory damages in the amount of $100,000.00, and attorney's fees, along with punitive damages, . . . and court costs. . . ." *Id.* at 6. MPD then filed two motions to dismiss: (1) a Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. No. 6] and (2) the present Motion to Dismiss Pursuant to Rule 12(b) [Doc. No. 5]. The Court previously granted MPD's motion to dismiss related to damages [Doc. No. 16].

## II.
## STANDARD OF REVIEW

MPD moves to dismiss under Rule 12(b) without specifying the subsection under which it seeks relief. There is no subsection of Rule 12(b) that expressly authorizes dismissal based on a lack of capacity to be sued. Nevertheless, "federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or statute[,] . . . such as motions raising . . . a lack of capacity to sue or be sued." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d. Ed. 2016). Courts in this district have considered such motions pursuant to either Rule 12(b)(2) or Rule 12(b)(6). *See, e.g., Roth v. City of Pineville*, No. 1:11-cv-2061, 2012 WL 1596689, at *1 (W.D. La. Apr. 3, 2012) (Rule 12(b)(6)); *Richard v. City of Port Barre No.*, 6:14-cv-2427, 2015 WL 252436, at *1 (W.D. La. Jan. 20, 2015) (Rule 12(b)(2)). The Court agrees with *Roth* that a Rule 12(b)(6) motion is the appropriate vehicle to challenge a defendant's capacity to be sued under the circumstances of the present case. *Roth*, 2012 WL 1596689, at *1 ("A Rule 12(b)(6) motion is a proper vehicle for seeking dismissal of claims for lack of procedural capacity to be sued."). Accordingly the procedure and substantive standards applicable to a Rule 12(b)(6) motion apply here.

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d

158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005).

### III.
### ANALYSIS

Defendant contends Plaintiff's claims against MPD must be dismissed because MPD is not a separate juridical entity from the Town of Mamou, and thus MPD lacks capacity to be sued. [Doc. No. 5 at 1; Doc. No. 14 at 1] Treating Defendant's motion as an attack on personal jurisdiction, Plaintiff argues that this court has personal jurisdiction over the MPD because Defendant has not established that it lacks capacity to be sued. [Doc. No. 9 at 1] Alternatively, Plaintiff seeks leave to substitute the Town of Mamou in place of the MPD in the event this Court finds the MPD has no separate juridical status. [Doc. No. 9 at 2]

Rule 17(b) instructs that "[c]apacity to sue or be sued shall be determined ... by the law of the state in which the court is located ..." Fed.R.Civ.P. 17(b). Under Louisiana law, an entity must qualify as a juridical person to possess the capacity to be sued. La. C. C. Art. 24. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." *Id.* In

*Roberts v. Sewerage & Water Board of New Orleans*, the Louisiana Supreme Court explained that "a local government unit may be deemed to be a juridical person separate and distinct from other government entities[] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." 634 So. 2d 341, 347 (La. 1994). Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So.2d 611, 613–616 (La.App. 3rd Cir.1994), writ denied, 650 So.2d 244 (La.1995).

Applying the *Roberts* analysis to the present case, the Court agrees that MPD is not a separate juridical person under Louisiana law. The Town of Mamou has adopted the mayor-board of alderman form of government, pursuant to La. R.S. 33:321 (the "Lawrason Act"). Code of Ordinances, Town of Mamou, Louisiana, Chapter 2.04, found at https://goo.gl/8PzUM9 (last visited July 29, 2019)[1]. Under this form of government, the mayor of Mamou is the chief executive officer of the municipality, and the legislative powers are vested in the board of aldermen. La. R.S. 33:362. In such municipalities, "[a]lthough by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on [the municipality] in other respects," including budget appropriations and control of personnel. *Dugas v. City of Breaux Bridge Police Dept.*, 757 So.2d 741, 743-44 (La. App. 3 Cir. 2000) (holding that the City of Breaux Bridge Police Department is not a juridical entity separate and distinct from the City of Breaux Bridge, a Lawrason Act

---

[1] *See also Matter of Waller Creed, Ltd.*, 867 F.2d 228, 238 n. 14 (5th Cir. 1989) (a court may take judicial notice of a city ordinance despite it not having been introduced into the record, as the power of a federal court to take judicial notice of legislative facts is less constrained than its power to take notice of adjudicative facts).

municipality, and therefore lacks the capacity to be sued, as the real party in interest is the City).[2] Because the Town of Mamou is a Lawrason Act municipality, the MPD is not a separate juridical person, absent other provision of law. Like the Breaux Bridge Police Department in *Dugas*, the MPD is "an office operated by an elected official, the chief of police, who derives his authority from statute." *Dugas*, 757 So.2d at 744. No other provision of law appears to grant the MPD the "legal capacity to function independently." *Roberts*, 634 So. 2d at 347. As such, MPD is an entity without the "legal capacity to be a . . . party to litigation."[3] *Dugas*, 757 So.2d at 744. Accordingly, Defendant's motion to dismiss is granted, without prejudice to Plaintiff's ability to seek to amend his Complaint to reflect the proper juridical entities.

IV.     **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss Pursuant to Rule 12(b) [Doc. No. 5] filed by Defendant, the Mamou Police Department, is GRANTED. Plaintiff's claims against the Mamou Police Department are DISMISSED WITHOUT PREJUDICE. Such ruling does not affect Plaintiff's ability to seek leave to amend his Complaint to reflect the proper parties.

THUS DONE AND SIGNED in Chambers on this ___3rd___ day of September, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff challenges that Defendant has not carried its burden of proving its lack of capacity to be sued. [Doc. No. 9 at 2] In attempt to establish that lack of capacity, Defendant makes multiple references to an attached Affidavit by Mayor Ricky Fontenot, [Doc. No. 5-1 at 2; Doc. No. 14 at 1-2], however, no such affidavit is reflected in the record. Nevertheless, as noted above, the Court can take judicial notice of legislative facts, such as the contents of the Code of Ordinances of the Town of Mamou, to aid it in determining the legal effect of those facts. *Waller Creed, Ltd.*, 867 F.2d at n. 14.

[3] The capacity to be sued is determined by state law. Fed. R. Civ. P. 17(b).