UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **EMERETTE HARRIS** | **CASE NO. 6:18-CV-01024** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MAMOU POLICE DEPARTMENT, ET AL** | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM RULING**

Pending before the Court is a Re-Urged Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [ECF No. 29] filed by Defendant Robert McGee. Plaintiff Emerette Harris has filed an Opposition, seeking further leave to amend his Complaint. [ECF No. 33] For the following reasons, the Re-Urged Motion to Dismiss [ECF No. 29] is GRANTED. Leave to amend the Complaint is DENIED.

**I.**
**BACKGROUND**

This civil rights action arises out of Harris' arrest on or about February 8, 2015 in the Town of Mamou. Harris was released on bond the day following arrest, and the charges against him were dismissed on August 9, 2017. On August 9, 2018, Plaintiff filed this lawsuit against the Mamou Police Department (hereafter "MPD"), and former Mamou Chief of Police Robert McGee, in his official and individual capacities.[1] [ECF No. 1] Harris asserted the following claims against McGee: violation of 42 U.S.C. § 1981; claims under 42 U.S.C. § 1983 for violation of his rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States

---

[1] This Court granted the MPD's separate motion to dismiss on the grounds that the MPD did not have the legal capacity to be a party to litigation, without prejudice to Harris' ability to seek leave to amend his Complaint to name the proper parties. [ECF No. 26]

Constitution; wrongful arrest and wrongful detention under state law; malicious prosecution under federal and state law; and municipal liability arising from McGee's actions. [ECF No. 1]

McGee filed a motion to dismiss Harris' claims against him [ECF No. 4], which this Court granted in part and denied in part. [ECF No. 24] The Court denied McGee's motion as to Harris' Fourteenth Amendment claims, claims against McGee in his individual capacity, claims for malicious prosecution under state law, and municipal liability claims. [*Id.*] As to each of those claims, the Court noted that Harris did not properly state a claim against McGee, but found that repleading would not be futile. [*Id.*] Therefore, and in light of Harris' assertions that he intended to seek leave to amend the Complaint, the Court granted Harris leave to amend or supplement the four enumerated claims within fourteen days. [*Id.*] The Court furthermore granted McGee leave to re-urge his motion to dismiss in the event Harris chose to replead the allowed claims. [*Id.*] Harris did not replead or amend any claims, and McGee therefore re-urged his motion to dismiss. [ECF No. 29]

## II.
### STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

## III.
### ANALYSIS

### A. Fourteenth Amendment Violation.

McGee seeks dismissal of Harris' Fourteenth Amendment claim on the grounds that Harris does not allege that McGee either intended to harm Harris or exhibited arbitrary conduct shocking to the conscience that led to a violation of Harris' constitutional protections. [ECF No. 29-1 at 12] Harris suggests that the Complaint sufficiently states a claim for violation of his rights under the Fourteenth Amendment. [ECF No. 33 at 3-4] The Court previously concluded that Harris did not allege facts sufficient to state a claim of violation of any Fourteenth Amendment protection. [ECF No. 24 at 9-11] As the Complaint has not been amended, the Court's conclusion is the same. McGee's motion is GRANTED as to the Fourteenth Amendment Claim.

### B. Individual Capacity Claim.

McGee argues that Harris' claim against McGee in his individual capacity should be dismissed because Harris does not allege specific actions by McGee that violated Harris' constitutional rights. [ECF. No. 29-1 at 16-17] Citing *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461 (W.D. La. 2013), Harris argues that he has stated a valid individual-capacity claim against McGee because the Complaint requests punitive damages and specifically alleges that Harris is suing McGee in his individual capacity. [ECF No. 33 at 5-6] In ruling on the prior motion to dismiss, the Court never questioned whether Harris was seeking to assert claims against Defendant in his individual capacity. [ECF No. 24 at 12-13] Rather, the Court concluded that the Complaint did not include sufficient factual allegations to state a plausible individual-capacity claim. [ECF No. 24 at 13] Because the Complaint has not been amended to address this defect, the present motion must be GRANTED as to Harris' claim against McGee in his individual capacity.

### C. Malicious Prosecution Under State Law.

McGee seeks dismissal of Harris' claim of malicious prosecution under state law on the grounds that the Complaint does not allege any facts indicating that McGee was the legal cause of Harris' criminal proceeding. [ECF No. 29-1 at 17] Harris argues that his assertion of arrest by MPD officers is sufficient to place McGee on notice that Harris is asserting that McGee was the legal cause of Harris' criminal proceedings, and therefore the claim should not be dismissed. [ECF No. 33 at 7] The Court previously held that the Complaint did not allege any facts supporting a claim that McGee personally was the legal cause of the criminal proceedings. [ECF No. 24 at 14] Because this defect has not been addressed, the present motion is GRANTED as to Harris' state law malicious prosecution claim.

### D. Municipal Liability.

McGee argues that Harris' municipal liability claim against him should be dismissed because the Complaint includes only conclusory assertions of a violation of his constitutional rights, and does not identify (1) actions by McGee, (2) a pattern of conduct by McGee or a pattern of constitutional violations by MPD, or (3) a policy enacted by the Town of Mamou or its officers which gave rise to any other constitutional violation. [ECF No. 29-1 at 14] Harris contends that although he is not privy to the names of specific policies, practices, and customs, he has stated a claim for municipal liability. [ECF No. 33 at 6] Previously, the Court determined that the Fifth Circuit requires municipal liability claims to plead facts, not conclusory or formulaic descriptions. [ECF. No. 24 at 19-20] The Court found that the Complaint did not allege facts that support a claim for municipal liability. [*Id.*] Given that the Complaint has not been amended, the result must be the same. McGee's motion is therefore GRANTED as to the municipal liability claim.

### E. Leave to Replead.

Harris requests additional time to amend the Complaint. [ECF. No. 33 at 8] He argues that the Court should apply a standard similar to the one applied to a dismissal for failure to follow a court order under Federal Rule of Civil Procedure 41(b). [*Id.*] In that context, dismissal is only appropriate "where there is a clear record of delay or contumacious conduct and lesser sanction would not serve the best interests of justice." *Wrenn v. Am. Cast Iron Pipe Co*., 575 F.2d 544, 546 (5th Cir. 1978). [ECF No. 33 at 8-9] The Court disagrees that this is the appropriate standard. Granting the present motion is not akin to dismissal for failure to follow a court order. Harris has not failed to comply with a court order; rather, he did not avail himself of an opportunity to amend the Complaint, which he requested and which the Court granted. The Rule 15(a), not the Rule 41(b), standard is applicable to Harris' request for additional opportunity to replead his claims.

Under Rule 15(a)(2), the court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied if "it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). The record does not suggest that Harris' request for additional leave to amend is made in bad faith or for dilatory motive. However, Harris has not explained – either in his opposition or by separate motion – how he would amend the Complaint to address the defects identified in the Court's prior ruling. Moreover, Harris failed to amend the Complaint when the Court previously granted him leave. Nor has he given any explanation for why the Complaint was not amended previously. Accordingly, considering the circumstances of this case, the delay that additional leave to amend would cause, and the Court's previous disposition of Harris' claims, leave to amend is DENIED.

## IV.
### CONCLUSION

For the reasons set forth above, Defendant McGee's Re-Urged Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [ECF No. 29] is GRANTED and the claims asserted against McGee are DISMISSED. Leave to replead is DENIED.

THUS DONE AND SIGNED in Chambers on this 18th day of September, 2020.

                                      **ROBERT R. SUMMERHAYS**
                                      **UNITED STATES DISTRICT JUDGE**